The next case is Papal v. Rosenow Sharon Shanahan I represent the people of the state of Illinois. This is an appeal arising from an aggravated battery conviction. Unless the court has any questions about the first issue on self-defense, I would like to touch on the second issue about the deadly v. dangerous weapon and briefly comment on the restitution issue. I said in my brief that I thought that issue 2 was confusing. I'm even more convinced that issue 2 is confusing because when I read the reply brief, I found out that I was so far off. This is a manifest waive issue, not a charging instrument issue. However, I went back and looked at the brief again and I would note that in the opening brief on page 14, the opening page for this issue, the defendant claims that there was error because the charge really only stated the offensive center of the battery. It goes on to say on the same page that the defense counsel argued that the aggravated battery had not properly been charged, so no jury instruction should be given. Then later on, on the next page, the defendant says that whether a broken bottle is deadly is not relevant since the state failed to charge the defendant with the use of a deadly weapon. It sounds to me like it's a charging instrument question and it sounds to me like it's a question of the denial of a jury instruction. That's why the basis of my argument is what it is. This is not a manifest waive issue. This is whether the state fully complied with its obligation to help the defendant when he was charged. Probably the most interesting issue in this case is the question of restitution. The defendant says that a general rule, the court has discretion or power to award restitution to crime victims. That's true, but the general rule doesn't apply in this case. The statute of effects makes restitution mandatory. This case is sized by the defendant to deal with government agencies such as police departments and fire departments, essentially doing what they normally do, only having to do more of it because of the defendant's actions. They didn't have to pay a bunch of overtime because they needed to get more police officers, something like that. But there is a difference between awarding restitution to a police department, even the case that the defendant cites Deringowski. They note that there is a difference between awarding restitution to a police department for its normal operating costs and awarding restitution to a public agency which pays for medical or counseling services directed to a direct victim of a crime. And that's exactly the issue that Straben deals with. The only difference between Straben and this case is that it was DCFS that we were talking about instead of the Crime Victims Fund. But this logic is the same. The Straben court notes that someone is paying for the cost of the treatment, which was necessitated as a result of the defendant's criminal behavior. And whoever that someone is, whether the victim herself, her family, a friend, or some private or government agency, the defendant should still be made to pay the cost of that treatment. To hold otherwise would render the victim's indigence a fortuitous occurrence for the defendant, freeing him of a financial obligation that he should rightly bear. And that's just exactly the situation we have here. This was a man of limited financial, limited finances. He was, the pictures in this case were shocking. He had, on one shoulder, the gouges from the broken bottle took over 40 stitches. So there's no insurance involved. No, he had no insurance. He had to go to the hospital. He had to have significant treatment. He came up with $6,683.33 worth of medical bills because of what the defendant did to him. And the fact that he couldn't pay for it, that's what the Victim's Crime Fund is made for, is to help people out like this. And to say that the defendant gets, even though the statute's mandatory, it says he has to pay restitution to say, oh, you didn't pay it your very self, and your mom didn't pay it either, and you didn't go take a loan from the bank, so you can't get restitution. When the very fund designed to help these people has paid it, it's rather ridiculous to defy the meaning of the statute. As the strait in court says, somebody has to pay this, and whoever did should be allowed restitution. In the remaining portions of the restitution argument, the defendant argues that the order in here was vague. As I said, the order is for the defendant to pay exactly $6,683.33, not more than that, not ever more than that, and not less than that. The trial court specifically said that he recited into the record the amount of restitution for the injuries or for the damages he caused to the victim. He's making his record, and he's very specific amounts. $71 to Logan Primary, $253 to Cape Radiology, $805 to Williamson County Ambulance, and $5,583.33 to Heron Hospital. That's pretty specific. The other two issues raised were the ability to pay and the schedule of payments. The cases I've cited in my brief both basically stand for one principle, and that is it's pretty silly to start entering orders to pay and making judgments about ability to pay until somebody gets out of prison. Therefore, the time to determine ability to pay, the time to set up a schedule of payments, is after the sentence has been served. I have probably plenty of time for any questions you want, but that's all I have to say. I'll stand on my brief on the remaining issues. I don't think we've got any questions. Thank you, counsel. We appreciate your brief and appearing for oral argument. The case will be taken under advisory.